IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAMIAN GREENWELL,           )
                            )
            Petitioner,     )
                            )
      v.                    )   No. 10 C 666
                            )
KEITH ANGLIN,               )
                            )
            Respondent.     )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Damian Greenwell's (Greenwell) petition for writ of habeas corpus (Petition). For the reasons stated below, we deny the Petition.

## BACKGROUND

On November 20, 2006, a jury convicted Greenwell in an Illinois state court of aggravated battery with a firearm based on an accountability theory. Greenwell was sentenced to nine years of imprisonment. On February 20, 2007, Greenwell filed motions in state court for a new trial or judgment notwithstanding the verdict. The

trial court denied Greenwell's motions. Greenwell appealed his conviction, and on September 30, 2008, the state appellate court affirmed the conviction. Greenwell petitioned the state appellate court for rehearing, and on October 27, 2008, the state appellate court denied the petition. Greenwell then filed a petition for leave to appeal (PLA) to the Illinois Supreme Court, which the Illinois Supreme Court denied on January 28, 2009. On February 1, 2010, Greenwell filed the instant Petition pursuant to 28 U.S.C. § 2254. Greenwell argues in his Petition: (1) that he received ineffective assistance of counsel because his trial counsel did not move for severance of his trial from that of his co-defendant, and (2) that the evidence presented at trial did not show beyond a reasonable doubt that Greenwell was guilty of aggravated battery with a firearm based on an accountability theory.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

Respondent argues that Warden Keith Anglin (Anglin) is the appropriate respondent in this case, and that the Attorney General of Illinois should be dismissed as a party. Respondent also argues that Greenwell's ineffective assistance of counsel claim is procedurally defaulted, and that Greenwell has not asserted any claims that would warrant habeas relief.

I. Proper Respondent to the Petition

As an initial matter, we note that Greenwell is incarcerated at Danville Correctional Center in Danville, Illinois, where Anglin is the Warden. Pursuant to 28 U.S.C. § 2244, the proper respondent to a petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2244, *See also* 28 U.S.C. § 2243 (stating that "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained"). Thus, Anglin is substituted as the Respondent and the Attorney General of Illinois is dismissed from the instant Petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-36 (2004)(stating that "the default rule is that the proper respondent is the warden where the prisoner is being held, not the Attorney General or some other remote supervisory official")(citation omitted).

II. Ineffective Assistance of Counsel Claim

Respondent argues that Greenwell's ineffective assistance of counsel claim is procedurally defaulted. A petitioner's habeas claims are procedurally defaulted unless the petitioner "first submit[s] his claims through one full round of state-court review." *Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009). To meet the presentment requirement, a petitioner "must have fairly presented the substance of h[is] claims to the state courts by articulating both the operative facts and applicable

law that []he claims entitle h[im] to relief." *Id.* Greenwell argues in his Petition that his trial counsel was ineffective for failing to move for severance of Greenwell's trial from the trial of his co-defendant. Greenwell did not raise this argument in his PLA. (Petition 3); (R. Ex. G 1). Thus, Greenwell's ineffective assistance of counsel claim is procedurally defaulted.

A petitioner is barred from pursuing a procedurally defaulted claim in a habeas petition unless "the petitioner 'can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice.'" *Id.* (quoting *Johnson v. Loftus*, 518 F.3d 453, 455-56 (7th Cir. 2008)). Greenwell states that he did not raise his ineffective assistance of counsel claim in his PLA based on the advice of counsel who handled the PLA. Greenwell has not shown cause and prejudice for the default or that if the court did not consider the claim, there would be a fundamental miscarriage of justice. *See Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000)(finding that following the advice of counsel in a discretionary state appeal to the Illinois Supreme Court did not constitute cause for failing to raise an ineffective assistance of claim related trial counsel's performance).

We also note that, even if the claim was not procedurally defaulted, Greenwell has not shown that his counsel's failure to move for severance of Greenwell's trial

from the trial of his co-defendant was such that he received ineffective assistance of counsel and thus should receive habeas relief. *See Emerson*, 575 F.3d at 684-85 (explaining standard at habeas for review of representation during criminal proceedings). To show ineffective assistance of counsel a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984))(stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" and "[h]e must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance; we then determine whether such acts or omissions fall outside the wide range of professionally competent assistance" )(quoting in part *Strickland*, 466 U.S. at 689). In order to show prejudice from a counsel's inadequate representation, a petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . .'" *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009)(quoting *Strickland,* 466 U.S. at 694). Greenwell has not shown that his trial counsel provided ineffective assistance by failing to move for severance. Under Illinois law, "defendants jointly indicted are to be jointly tried unless fairness to one of the

defendants requires a separate trial to avoid prejudice." *People v. Gabriel*, 924 N.E.2d 1133, 1146-47 (Ill. App. Ct. 2010)(citations omitted). The Illinois Supreme Court has identified two clear instances in which prejudice occurs: (1) when "the State introduces the admission of a codefendant which implicates the defendant," and (2) "when the codefendants' defenses are so antagonistic to each other that one of the codefendants cannot receive a fair trial jointly with the others." *Id.* at 1147 (citations omitted). At trial, Greenwell's co-defendant testified that neither he nor Greenwell committed any crime. (R. Ex. B 584). Greenwell's co-defendant also testified that he never told Greenwell why he needed a ride to the victim's house or discussed the events that occurred while Greenwell was parked outside the victim's house. (R. Ex. B 612-14). Thus, Greenwell has not shown that an admission by his co-defendant implicated him in the crime nor that his co-defendant's defense was antagonistic to him, and therefore, Greenwell has not shown that he was entitled to severance. Based on the above, Greenwell's counsel was not ineffective for failing to move for severance. Thus, even if Greenwell's ineffective assistance of counsel claim was not procedurally defaulted, the claim lacks merit.

III. Insufficient Evidence Claim

Greenwell argues that the evidence presented at trial was insufficient to

establish his guilt beyond a reasonable doubt because the State failed to prove that Greenwell possessed the requisite intent to be convicted on a theory of accountability. In reviewing a sufficiency of the evidence claim in the context of an appeal or a *habeas* petition, the court applies the standard set forth in *Jackson v. Virginia,* 443 U.S. 307 (1979), which holds that a petitioner's constitutional due process rights are satisfied if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original); *see also United States v. Harris,* 585 F.3d 394, 402 (7th Cir. 2009)(stating that a "challenge to the sufficiency of the evidence is reviewed under an extremely deferential standard").

In ruling on Greenwell's direct appeal, the Illinois Appellate Court correctly stated that intent "may be inferred from the circumstances surrounding the offense or character of defendant's acts." (R. Ex. A 13)(citation omitted). A review of the record indicates that, when viewed in the light most favorable to the State, the evidence presented at trial showed that Greenwell (1) picked up his co-defendant in a vehicle that belonged to him, (2) drove the co-defendant to the co-defendant's house where the co-defendant retrieved a gun, (3) drove his co-defendant to the scene of the crime, (3) waited for his co-defendant at the scene of the crime, (4) hastily left the

8

scene of the crime with his co-defendant after the crime occurred, (5) tested positive for gunshot residue on one hand, and (6) was possibly seen driving in the area where the gun used to commit the crime was recovered. Based on such facts, the Illinois Appellate Court correctly concluded that a rational trier of fact could have found all the elements of the crime were proven beyond a reasonable doubt, including that Greenwell had the requisite intent to aid and abet his co-defendant in committing the crime. Based on the above, we deny Greenwell's Petition.

## CONCLUSION

Based on the foregoing analysis, we deny Greenwell's petition for writ of *habeas corpus*.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 25, 2010